## STATE OF FLORIDA v WATT

Case No. 89-0088 AC (A) 02 (Lower Court Case No. 89-03088 1-TC A02)

Fifteenth Judicial Circuit, Palm Beach County

March 25, 1990

### APPEARANCES OF COUNSEL

**David H. Bludworth,** State Attorney, and **Robert S. Jaegers,** Assistant State Attorney, for appellant.

**Richard W. Springer** and **Catherine Mazzullo,** Springer & Springer, for appellee.

Before SHOLTS, MOUNTS, COLBATH, JJ.

### OPINION OF THE COURT

SHOLTS, J.

The criminal appellate division previously considered this case in November 1990. At that time the panel reserved ruling and invited the parties to submit authority in response to the following question

Whether, if Watt had been charged with some other crime, it would

have been sufficient to provide a good faith exception to the subsequent search?

Deputy Sheriff Canady of the Palm Beach County Sheriff's Department noticed Appellant driving his motorcycle with his hands not on the handlebars, but folded "Indian-style." Watt was cited for being in violation of Florida Statutes § 316.2085(3).[1] As a result of this traffic stop Watt was subsequently arrested for driving under the influence.

Appellant filed a motion to suppress claiming the traffic violation giving rise to the stop did not take place pursuant to the charging statute. In granting the motion to suppress, Judge Schwartz acknowledged the arresting officer's theory that the statute required a person riding a motorcycle keep both hands on the handlebars made good sense, and probably was the intent of the legislature, but correctly reasoned that was not how the statute was written. Finding the defendant did not violate the law for which he was stopped, and that the officer didn't have reasonable suspicion Watt was violating any other law, the motion to suppress was granted.

Noting that Florida's Rules for Traffic Court, Rules 6.165(b) and 6.455 provide the court may allow the prosecutor to amend, in open court, a traffic citation alleging a criminal traffic offense to state a different traffic offense, the panel posted the aforementioned question to the parties.

(Whether, if Watt had been charged with some other crime, it would have been sufficient to provide a good faith exception to the subsequent search?)

Counsel for appellee responded that the facts of this case do not present a situation where Watt could have been charged with some other crime. The State submits that Watt could have been charged with a violation of Florida Statutes § 316.1925, careless driving.

We commend the trial judge for his careful analysis of the statute and remand to permit the State to amend the offense charged and for determination if, under the facts and circumstances herein, Watt was guilty of careless driving. If, based on the record, the facts prove the commission of the offense of careless driving the stop was valid even if

---

[1] No person shall operate a motorcycle or moped while carrying any package, bundle, or other article which prevents him from keeping both hands on the handlebars.

it wasn't the crime originally charged. *See State v Potter,* 438 So.2d 1085 (Fla. 2d DCA 1983).

REVERSED AND REMANDED.

MOUNTS AND COLBATH, JJ., concur.